UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TAMIKA J. PLEDGER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 16-cv-2797-JAR-TJJ |
| | ) |
| TERRY ZIEGLER, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATIONS

Pro se Plaintiffs Tamika J. Pledger and TaMya L. Coulter bring this case against Kansas City, Kansas Police Chief Terry Zeigler[1] and others. Plaintiff Tamika J. Pledger was granted leave to proceed with this case without prepayment of fees, i.e. *in forma pauperis*, pursuant to 28 U.S.C. § 1915. Plaintiff TaMya L. Coulter does not seek leave to proceed *in forma pauperis*.

When a party is granted leave to proceed in forma pauperis, § 1915(e)(2) requires the court to screen the party's complaint. The court must dismiss the case if the court determines the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit.[2] The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[3]

---

[1] The Amended Complaint lists the incorrect spelling, which the Court corrects in this document.

[2] 28 U.S.C. § 1915(e)(2)(B).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint is analyzed by the court under the same sufficiency standard as a Rule 12(b)(6) motion to dismiss.[4] Dismissal of a pro se complaint for failure to state a claim is proper only "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[5] In determining whether dismissal is proper, the court "must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."[6]

In making this analysis, the court must liberally construe the pleadings and hold them to a less stringent standard than formal pleadings drafted by attorneys.[7] Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[8] This does not mean, however,

---

[3] *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[4] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[5] *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

[6] *Id.*

[7] *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006).

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

that the court must become an advocate for the pro se plaintiff.[9]  *Sua sponte* dismissal under §
1915(e)(2) is also proper when the complaint clearly appears frivolous or malicious on its face.[10]

This action arises out of an incident that occurred on or about October 29, 2015 involving a vehicle operated by Plaintiff Pledger.  It appears that Plaintiff Pledger is now a party to criminal and civil actions pending in the District Court of Wyandotte County, Kansas in connection with that incident.  In her Amended Complaint, Plaintiff Pledger alleges Defendants are withholding exculpatory evidence in violation of her due process rights in the criminal proceedings pending against her in Wyandotte County.

The Amended Complaint asserts jurisdiction under Article III, Section 2 of the U.S. Constitution, and under 28 U.S.C. § 1331 and 42 U.S.C. § 1983.[11]  Plaintiffs ask this court to provide them the following relief:  remove the Wyandotte County cases to this court and thereafter dismiss those cases; file criminal charges against certain individuals; and award sanctions and monetary damages.

Accepting the allegations of the complaint as true and construing them in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have failed to state a claim upon which relief can be granted.  If Plaintiffs are attempting to assert a claim under 42 U.S.C. § 1983 for violations of their constitutional rights, the allegations in the Amended Complaint are

---

[9] *Lyons v. Kyner*, 367 F. App'x. 878, 881 (10th Cir. 2010).

[10] *Hall*, 935 F.2d at 1108.

[11] Article III, Section 2 of the U.S. Constitution and 28 U.S.C. § 1331 describe the court's authority to hear cases arising under federal claims, while 42 U.S.C. § 1983 provides jurisdictional grounds.

insufficient to state a claim upon which relief can be granted.[12] "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[13] Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."[14]

The Amended Complaint states that Defendants "continue to withhold exculpatory evidence [in] violation of Brady v. Maryland due process rights." While the Supreme Court's decision in *Brady v. Maryland,* 373 U.S. 83 (1963) and the law developed thereunder does speak to a criminal defendant's Fourteenth Amendment due process rights to exculpatory or impeachment evidence, a *Brady* challenge may only be made in connection with the criminal trial in which the prosecution allegedly withheld the evidence.[15] It is not the basis for a civil action. The Court concludes that Plaintiffs' assertion of a *Brady* violation does not state a claim upon which relief can be granted under Section 1983.

Moreover, the abstention doctrine described by the Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971), applies to prevent this court from exercising jurisdiction over the claims

---

[12] Claims alleging violation of federal constitutional rights are brought pursuant to 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.").

[13] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[14] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[15] *See, e.g., United States v. Burke*, 571 F.3d 1048, 1053-57 (10th Cir. 2009).

asserted in the Amended Complaint. "*Younger* abstention is appropriate when (1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise federal questions."[16] The basis for this abstention is the Supreme Court's "longstanding policy against federal court interference" in state court matters.[17] It is apparent from the face of the Amended Complaint that a criminal prosecution is proceeding in state court, and Plaintiff Pledger will have the opportunity to raise her *Brady* claim in that proceeding. The three *Younger* requirements are present, and the Court concludes that it should abstain from hearing Plaintiffs' claims.

Finally, although TaMya L. Coulter is also named as a Plaintiff in this action, the claims asserted in the Amended Complaint appear to relate only to Plaintiff Pledger. The Amended Complaint fails to state a claim upon which relief may be granted as to TaMya L. Coulter.[18]

Construing the allegations in the Amended Complaint liberally and in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have failed to state a claim upon which relief may be granted and it would further be futile to give Plaintiffs an opportunity to amend their complaint.

---

[16] *Mounkes v. Conklin*, 922 F. Supp. 1501, 1510 (D. Kan. 1996) (internal citations omitted).

[17] *Younger*, 401 U.S. at 43-44.

[18] TaMya L. Coulter has not signed the Amended Complaint as required by Federal Rule of Civil Procedure 11(a). In addition, because she has not moved for leave to proceed *in forma pauperis* or filed a financial affidavit, she would need to do so or pay the statutory filing fee of $400.00 if her case were to proceed.

Accordingly, the undersigned U.S. Magistrate Judge recommends that Plaintiffs' Amended Complaint and this case be **DISMISSED** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii), and under the abstention doctrine of *Younger v. Harris*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

Plaintiffs are hereby informed that, within 14 days after being served with a copy of this Report and Recommendation, they may, pursuant to 28 U.S.C. § 636(b)(1) and Fed R. Civ. P. 72, file written objections to the Report and Recommendation. Plaintiffs must file any objections within the 14-day period allowed if they want to have appellate review of the recommended disposition. If Plaintiffs do not timely file their objections, no court will allow appellate review.

A copy of this Report and Recommendation shall be mailed to Plaintiffs by certified mail.

IT IS SO ORDERED.

Dated this 20th day of January, 2017, at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
United States Magistrate Judge