# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TAMIKA J. PLEDGER, et al.,

    Plaintiffs,

    v.

TERRY ZIEGLER, et al.,

    Defendants.

Case No. 16-2797-JAR-TJJ

## MEMORANDUM AND ORDER

This matter arises out of an incident that occurred on or about October 29, 2015, involving a vehicle operated by Plaintiff Tamika J. Pledger, who is now a party to criminal and civil actions pending in the District Court of Wyandotte County, Kansas.[1] Plaintiff and her daughter, Ta'Mya Coulter, allege in their *pro se* Amended Complaint that Kansas City, Kansas Police Chief Terry Zeigler and other law enforcement defendants are withholding exculpatory evidence in violation of Pledger's due process rights in the criminal proceedings pending against her in Wyandotte County. On December 19, 2016, Pledger filed a Notice of Removal[2] in the civil proceedings, of her pending criminal case, No. 15-CR-0102. In a Report and Recommendation filed on January 20, 2017 (Doc. 11), Magistrate Judge Theresa J. James recommended that the case be dismissed. This matter is currently before the Court upon Plaintiff's filing of Objections to the Report and Recommendation and Motion for Leave to Amend Complaint (Docs. 13, 14). As will be discussed more fully below, the Court adopts the

---

[1]This is the fourth lawsuit filed in this Court stemming from the October 15, 2015 incident; Case Nos. 16-2215-JAR, 16-2517-JAR, and 16-2770-JAR have been dismissed or remanded to state court.

[2]Doc. 6.

Report and Recommendation, denies leave to amend, and dismisses the civil case. Further, the Court summarily remands the criminal proceeding to state court.

## I. Legal Standard

The standard the Court must employ when reviewing objections to a report and recommendation can be found in 28 U.S.C. § 636(b)(1), which provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.[3]

The Tenth Circuit requires that objections to a magistrate judge's recommended disposition "be both timely and specific to preserve an issue for de novo review by the district court."[4] An objection is timely if it is made within fourteen days after service of a copy of the recommended disposition.[5] An objection is sufficiently specific if it "focus[es] the district court's attention on the factual and legal issues that are truly in dispute."[6] If a party fails to make a proper objection, the court has considerable discretion to review the recommendation under any standard that it finds appropriate.[7]

In her objection, Pledger seeks leave to amend her complaint for a second time to drop her daughter as a party and add claims for violations of her Fourth and Fifth Amendment rights, false imprisonment, spoliation of evidence, and criminal defamation of character, with a prayer for sanctions and damages in the amount of $66 million. Fed. R. Civ. P. 15(a)(2) states that

---

[3] 28 U.S.C. § 636(b)(1).

[4] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *Adkins v. Koduri*, No. 16-4134, 2016 WL 5745550, at *1 (D. Kan. Oct. 3, 2016).

[5] Fed. R. Civ. P. 72(b)(2).

[6] *One Parcel of Real Prop.*, 73 F.3d at 1060; *Adkins*, 2016 WL 5745550, at *1.

[7] *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted).

courts should "freely give leave when justice so requires." The decision whether to grant leave to amend is within the court's discretion.[8] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[9] "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason. . . ."[10]

Finally, because Plaintiffs proceed *pro se*, the Court construes their pleadings liberally.[11] However, the Court does not assume the role of advocate.[12] Also, Plaintiffs' *pro se* status does not excuse them from "the burden of alleging sufficient facts on which a recognized legal claim could be based."[13] Plaintiff is not relieved from complying with the rules of the court or facing the consequences of noncompliance.[14]

## II. Discussion

Plaintiffs assert a claim against Defendants under 42 U.S.C. § 1983 for violations of their constitutional rights. Plaintiffs filed a Notice of Removal of the pending state criminal case on December 19, 2016. An Amended Complaint was filed on January 6, 2016, alleging that Defendants are withholding exculpatory evidence in violation of Pledger's due process rights in the criminal proceedings in Wyandotte County. Plaintiffs ask this Court to dismiss the pending

---

[8]*Zenith Radio Corp. v. Hazeltine Res., Inc.,* 401 U.S. 321, 330 (1971); *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006).

[9]*Frank v. U.S.W., Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted).

[10]*Watson ex rel. Watson v. Beckel,* 242 F.3d 1237, 1239–40 (10th Cir. 2001) (citations omitted).

[11]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12]*Id.*

[13]*Id.*

[14]*Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

state court cases, file criminal charges against certain individuals, and award sanctions and monetary damages.

Judge James recommended dismissal on two grounds: (1) the Amended Complaint fails to state a claim upon which relief can be granted; and (2) the Court lacks jurisdiction under the *Younger* abstention doctrine. The Court agrees with Judge James that both grounds warrant dismissal of the Amended Complaint.

First, Plaintiffs fail to state a claim under § 1983, under which "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under the color of state law."[15] As Judge James explained, Plaintiffs' assertion of a *Brady v. Maryland*[16] violation does not state a claim under § 1983, as such a challenge may only be made in connection with the criminal trial in which the prosecution allegedly withheld the evidence.[17] Second, this Court agrees with Judge James that the abstention doctrine described by the Supreme Court in *Younger v. Harris* applies to prevent this Court from exercising jurisdiction over the claims in the Amended Complaint, as Pledger has the opportunity to raise her *Brady* claim in the pending state court criminal proceedings.[18]

This Court further concludes that Pledger's request for leave to file a second amended complaint is denied as futile. Pledger seeks leave to amend to include claims for damages based on unlawful search, illegal arrest, spoliation of evidence, and false imprisonment stemming from

---

[15]*West v. Atkins,* 487 U.S. 42, 48 (1988).

[16]373 U.S. 83 (1963).

[17]*See, e.g., United States v. Burke,* 571 F.3d 1048, 1053–57 (10th Cir. 2009).

[18]*Younger*, 401 U.S. 37, 43–44 (1971) (discussing Supreme Court's "longstanding policy against federal court interference" in state court matters).

the forty-eight hours she spent in custody in January 2015. In *Heck v. Humphrey*,[19] the Supreme Court held:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor or the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.[20]

Under the *Heck* rule, the accrual of a cause of action is deferred until the conviction or sentence has been invalidated.[21] *Heck* does not apply to anticipated future convictions.[22]

The Supreme Court has instructed:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. [*Heck*, 512 U.S.] at 487–488, n.8, 114 S. Ct. 2364 (noting that "abstention may be an appropriate response to the parallel state-court proceedings"); *Quackenbush v. Allstate Ins. Co.,* 517 U.S.706, 730, 116 S. Ct. 1712 1996). If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit. *Edwards v. Balisok,* 520 U.S. 641, 649, 117 S. Ct. 1584 (1997); *Heck,* 512 U.S. at 487.[23]

The Court takes judicial notice that on May 25, 2017, Plaintiff Pledger was convicted of involuntary manslaughter and aggravated battery in the underlying state criminal proceedings in Wyandotte County District Court.[24] The Court finds the allegations in Pledger's second amended complaint warrant dismissal under *Heck*. Pledger's false imprisonment claim

---

[19]512 U.S. 477 (1994).

[20]*Id.* at 487.

[21]*See Wallace v. Kato,* 549 U.S. 384, 392–93 (2007).

[22]*See id.* at 393 ("[T]he *Heck* rule for deferred accrual is called into play only when there exists a conviction or sentence that has not been invalidated, that is to say, an outstanding criminal judgment.") (quotations, emphasis, and ellipses omitted)).

[23]*Id.* at 393–94.

[24]Fed. R. Evid. 201(c); Wyandotte County, Kansas District Court Case No. 15-CR-0102; Matt Campbell, *In Another Wild Day in Court, Tamika Pledger is Found Guilty of Manslaughter,* K.C. STAR (May 25, 2017), http://www.kansascity.com/news/local/crime/article152610549.html

challenges the validity of her detention following charges for which she has now been convicted. Thus, if Pledger were to attempt to prove she was falsely imprisoned, that proof would necessarily impugn the validity of her conviction and, consequently, her false imprisonment claims are barred by *Heck* and are subject to dismissal. Likewise, Pledger's claim that Defendants violated her Fourth Amendment rights when they detained and searched her without probable cause, and Fifth Amendment claim challenging the legality of her arrest, necessarily would imply the invalidity of her state court criminal proceedings, and are also subject to dismissal.

To the extent Pledger alleges in her proposed second amended complaint other constitutional violations or matters that go to the validity of her conviction, her claims are not properly brought pursuant to § 1983. "The purpose behind *Heck* is to prevent litigants from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions."[25] Pledger's spoliation of evidence claim seeks relief from the state criminal charges for which she was convicted and are not appropriate in a § 1983 lawsuit. Pledger also seeks leave to add a claim for defamation of character under K.S.A. 21-4004. This is a criminal statute and does not create a private right of action.[26]

Finally, the Court has reviewed Pledger's Notice of Removal and again finds, as in the two previous attempts by Pledger to remove her state criminal proceedings, the criminal prosecution should be summarily remanded because the Notice of Removal was untimely.[27] As

---

[25]*See Butler v. Compton,* 482 F.3d 1277, 1279 (10th Cir. 2007).

[26]*Sipka v. Soet,* 761 F. Supp. 761, 765 (D. Kan. 1991).

[27]28 U.S.C. § 1445(b)(3) (stating "[t]he notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded.").

previously held by the Court, the record is clear that Pledger waived formal arraignment in her criminal case and therefore, the 30-day removal clock started to run on October 29, 2015, making her Notice of Removal untimely under 28 U.S.C. § 1445(b)(1).[28]

**IT IS THEREFORE ORDERED BY THE COURT** that the Court adopts the Report and Recommendation filed January 20, 2017 (Doc. 11) and **dismisses** Plaintiffs' Amended Complaint;

**IT IS FURTHER ORDERED** that Plaintiff Pledger's request for leave to amend her complaint is **denied as futile.**

**IT IS FURTHER ORDERED** that the criminal proceeding, 15-CR-0102, shall be remanded back to the Wyandotte County District Court.

**IT IS SO ORDERED.**

Dated: June 1, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[28]*See Pledger v. State of Kansas,* ---F. App'x---, 2017 WL 1454007 (10th Cir. Apr. 25, 2017) (dismissing appeal from district court order of remand because notice of removal of state criminal proceedings under 28 U.S.C. § 1445 was untimely); *Pledger v. Gorman,* Case No. 16-2517-JAR, 2016 WL 4613391, at *2 (D. Kan. Sept. 6, 2016) (summarily remanding state criminal proceedings due to untimely notice of removal under § 1445).